IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01947-WJM-MEH

FRILLY JILLY, LLC,
a Colorado limited liability company,

      Plaintiff,

v.

COCONUT GROVE INTIMATES, INC.,
a Canadian company,
COCONUT GROVE PADS, INC.,
a Canadian company,

      Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

The Court enters the following protective order upon stipulation by the parties:

1.      This Stipulated Protective Order shall be applicable to and govern all depositions, documents produced in response to requests for production of documents or subpoena, answers to interrogatories, responses to requests for admissions and all other discovery taken in this matter pursuant to the Federal Rules of Civil Procedure, as well as all documents produced in response to informal discovery requests, and testimony adduced at trial, matters in evidence and computerized records (collectively, "RECORDS") which a party or third-party (hereinafter, a "disclosing party") designates as "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL" hereafter furnished, directly or indirectly, by or on behalf of any party or third party in connection with this action.

2.      In designating RECORDS as "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL," a disclosing party shall make such a designation of

CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL only for RECORDS which that disclosing party in good faith believes (i) contain trade secret or other confidential, competitive or proprietary business information used by it in, or pertaining to, its business which the party takes appropriate efforts to keep confidential, (ii) contain confidential personal or financial information which the party takes appropriate steps to keep confidential, or (iii) contain other information which the party is otherwise required to keep confidential by agreement or law. For a designation of RECORDS as "RESTRICTED MATERIAL," the disclosing party must additionally believe in good faith that the RECORDS must be protected from disclosure to the non-disclosing party and must be subject to the restricted disclosure provided for below. The parties shall use their best efforts to limit the amount of RECORDS that are designated as RESTRICTED MATERIAL.

3.     RECORDS designated as CONFIDENTIAL MATERIAL may be disclosed only to the following persons:

a.     the attorneys working on this action on behalf of any party;

b.     any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;

c.     any parties to this action who are individuals, and the employees, directors or officers of parties to this action who are corporations or partnerships, to the extent necessary to further the interest of the parties in this litigation;

d.     any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 3(a) to assist as an expert in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

e.     any witnesses who appear for deposition or trial in this matter, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the RECORDS confidential; and

f.     the Court and its employees.

4.      RECORDS designated as "RESTRICTED MATERIAL" may be disclosed only to the following persons:

a.      the outside attorneys working on this action on behalf of any party;

b.      any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel, with disclosure only to the extent necessary to perform their work in connection with this matter;

c.      any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 4(a) to assist as an expert in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

d.      any witnesses employed by the receiving party who appear for deposition or trial in this matter, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the RECORDS confidential; and

e.      the Court and its employees.

5.      The persons described in paragraphs 3(c), 3(d), 4(c), and 4(d) shall have access to the CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL once they have reviewed a copy of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT."  A list shall be prepared by counsel for each party hereto of the names of all such persons to whom CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL is disclosed, or to whom the information contained therein is disclosed, and such list shall be available for inspection by the Court and opposing counsel upon request.  The other persons described in paragraphs 3 and 4 shall have access to the CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL pursuant to the terms of this Order without signing a copy of the annexed "ACKNOWLEDGEMENT."  Similar but separate lists shall also be prepared with respect to CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL provided by third

3

parties.  At the time of the termination of this lawsuit by settlement, judgment or otherwise, each party shall provide a copy of the pertinent aforementioned lists upon the request of any other party.  The persons receiving CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL hereunder are enjoined from disclosing it to any other person, except in conformance with this Order.  This Stipulation will not require the disclosure of experts other than by Local Rule, Federal Rule of Civil Procedure, and/or Court Order.

6.      Each individual who receives any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL hereby agrees to and does subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

7.      The recipient of any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL that is provided under this Order shall maintain such RECORDS in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such RECORDS as is exercised by the recipient with respect to its own proprietary information.

8.      Parties shall designate CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL as follows:

a.      In the case of RECORDS produced pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, interrogatory answers, responses to requests for admissions, and the information contained therein, designation shall be made by placing the following legend on any such RECORD prior to production: "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL."  In the event that a party inadvertently fails to stamp or otherwise designate a RECORD as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL at the time of its production, that party shall have ten (10) business days after discovering such error to so stamp or otherwise designate the

4

RECORD.  In the event that a party produces RECORDS subject to a claim of privilege or protection as trial preparation material, the disclosing party shall inform the receiving party within five (5) business days of the discovery of the inadvertent disclosure, and the procedures set forth in Fed.R.Civ.P. 26(b)(5)(B) shall thereafter apply.

b.        In the case of RECORDS produced pursuant to Rule 45 of the Federal Rules of Civil Procedure, designation shall be made by informing the other parties, within five (5) business days after production of such RECORDS, that the disclosing party is designating particular RECORDS as containing "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL."  During the five (5) business days following the production of RECORDS by a third party, such RECORDS may only be disclosed to those persons set forth in paragraph 4.

c.        In the case of depositions, designation of the portion of the transcript (including exhibits) which contains CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL shall be made by a statement to such effect on the record in the course of the deposition or upon designation of such transcript by counsel within fourteen (14) days after counsel's receipt of the transcript.  During said fourteen (14) day period, such RECORDS may only be disclosed to those persons set forth in paragraph 4.

d.        Transcripts of depositions will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters. If a deposition transcript is filed and if it contains CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL, the transcript shall bear the appropriate legend on the caption page and shall be filed in accordance with D.C.COLO.L.CivR. 7.2.

9.        A party shall not be obligated to challenge the propriety of a CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this litigation.  In the

5

event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the disclosing party written notice of its disagreement with the designation.  The parties shall first try to resolve such dispute in good faith on an informal basis, such as by telephone conference or an in-person meeting, which shall occur within five (5) business days of notice of disagreement with a designation.  If the parties are unable to resolve the dispute via the meet-and-confer, within five (5) business days of the meet-and-confer, the disclosing party shall either: (a) withdraw the designation; or (b) file a motion for protective order seeking to retain the designation as applied to the challenged material.  If the disclosing party does not withdraw the designation or file a motion for protective order within five (5) business days of the meet-and-confer, the designation shall be deemed withdrawn.  If the disclosing party timely files a motion for protective order, until and unless the Court enters an order changing the designation, the designated material shall continue to be subject to this Order. The burden of proving that RECORDS have been properly designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL shall be on the party making such designation.

10.     All RECORDS and all transcripts of deposition testimony filed with this Court in this litigation by any party which are, in whole or in part, designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL, including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to reproduce or paraphrase such RECORDS, shall be filed in accordance with D.C.COLO.L.CivR. 7.2.

11.     In the event that any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL is used in any court proceedings in connection with this litigation, it shall not lose its CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

12.     Material designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL, including all information derived therefrom, shall be held in confidence by the

6

receiving party, shall be used only by persons permitted access to it under this Protective Order, shall not be disclosed by the receiving party to any party or person not entitled under the terms of this Protective Order to have access to such material, and shall not be used by the receiving party for any purpose other than in connection with this Action.

13.     Nothing in this order shall preclude any party to the lawsuit, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any RECORDS not obtained in this lawsuit, if such RECORDS are lawfully obtained from a third party, even though the same RECORDS may have been produced in discovery in this lawsuit and designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL.

14.     Nothing in this order shall preclude any party to the lawsuit or their attorneys from: (a) showing RECORDS designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL to an individual who either prepared or reviewed the RECORDS prior to the filing of this action; or (b) disclosing or using, in any manner or for any purpose, RECORDS from the party's own files which the party itself has designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL.

15.     Within sixty (60) days of the termination of litigation between the parties, including by appeal, all CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL, and all copies thereof, except such copies which have been filed with the Court, utilized in accordance with this Order, or which are and will continue to be maintained in a secure place pursuant to the continuing obligations of this Order, shall be returned to the disclosing party or shall be destroyed. The party destroying or returning CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL shall provide a certification to the producing party confirming that the party has returned or destroyed the original and all copies of said material. Notwithstanding the provisions

7

of this paragraph, counsel for any party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence, and work product.

16.    Except as specifically provided herein, the terms, conditions and limitations of this Order shall survive the termination of this action at the option of the disclosing party.

17.    This Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained herein.

SO ORDERED.

Entered and dated at Denver, Colorado, this 8th day of March, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

8

APPROVED: March 7, 2011

By:  s/ Benjamin B. Lieb                            By:   s/ Richard S. Ross
  Benjamin B. Lieb                                    Neal S. Cohen
   blieb@sheridanross.com                          Neal.cohen@hro.com
  SHERIDAN ROSS P.C.                              HOLME ROBERTS & OWEN LLP
  1560 Broadway, Suite 1200                       1801 13th Street, Suite 300
  Denver, Colorado 80202-5141                     Denver, Colorado 80302
  Telephone:  303-863-9700                        Telephone:   (303) 444-5955
  Facsimile:  303-863-0223                        Facsimile:   (303) 866-0200

ATTORNEY FOR PLAINTIFF                              Richard S. Ross
FRILLY JILLY LLC                                     prodp@ix.netcom.com
                                                   Atrium Centre
                                                   4801 South University Drive, Suite 237
                                                   Ft. Lauderdale, Florida 33328
                                                   Telephone:   (954) 252-9110
                                                   Facsimile:   (954) 252-9192

                                                   ATTORNEYS FOR DEFENDANT
                                                   COCONUT GROVE PADS, INC.

9

## **A C K N O W L E D G E M E N T**

The undersigned hereby acknowledges that he/she has read the PROTECTIVE ORDER which was entered by the Court on _____, 2011, in *Frilly Jilly LLC v. Coconut Grove Intimates, Inc.   et al.*, 10-cv-01947-WJM-MEH, that he/she is one of the persons contemplated in paragraph 3 and 4 thereof as authorized to receive disclosure of RECORDS designated CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL by any of the parties or by third parties, and that he/she fully understand and agrees to abide by the obligations and conditions of the Protective Order.   The undersigned further consents to be subject to the jurisdiction of the United States District Court for the District of Colorado for purposes of any proceedings relating to performance under, compliance with or violation of the above-described Order.

_____

Dated:  _____, 201__

10